UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin Angelo Dunbar, | ) C/A No. 3:11-2512-HFF-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| CSL Plasma;<br>Chris Bellinder;<br>John Doe;<br>Paulette Bradley, *Any, All Entities*, | ) |
| Defendants. | ) |

Plaintiff, a resident of Columbia, South Carolina, has filed this action *pro se.* Using this Court's Prisoner Section 1983 Complaint form, Plaintiff has filled out place-of-confinement information indicating that he is confined at the "United Way Transitional Center" at 2025 Main Street in Columbia, South Carolina. It appears that the United Way Transitional Center is actually a homeless shelter operated by the Salvation Army.

This civil rights action arises out of Plaintiff's unsuccessful attempt to donate or sell his blood or plasma to a blood/plasma center. Plaintiff alleges that since September 14, 2011, he has attempted to enroll as a plasma donor or blood donor, but has been told that his blood pressure was too high for him to donate, that his pulse has a "defect," and that he has a tattoo "violation." Plaintiff contends that the Defendants have discriminated against him and have attempted to segregate the plasma center's donors in violation of his constitutional rights.



Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, even a *pro se* plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable, of a prosecutable offense, *Ashcroft v. Iqbal*, 173 L.Ed.2d 868, 129 S.Ct. 1937, 1949 (2009), and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## *Discussion*

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."; *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); and since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,*



147 F.3d at 352. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Here, Plaintiff has failed to set forth sufficient factual allegations to invoke jurisdiction in this Court. In order to state a civil rights cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Therefore,

> state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). None of the named Defendant are state actors, as they are all private parties associated with a business operating as a Plasma Center. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *cf. Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).

Although it is possible for a private individual or corporation to act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful



participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state, with the inquiry involving "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. No allegations of such willful joint actions are set forth in the Complaint. Further, since there are no allegations that the Defendants have disclosed Plaintiff's medical information to third-parties, no federal violation has occurred.

In any event, in this judicial Circuit, there is no constitutional right to privacy in one's personal medical information. *See Watson v. Lowcountry Red Cross*, 974 F.2d 482, 487-89 & n. 9 (4th Cir. 1992); and *Taylor v. Best*, 746 F.2d 220, 225 (4th Cir. 1984). Moreover, at least one Court of Appeals has held that alleged "discrimination" between groups of plasma donors implicated no federal constitutional interest. *Holbird v. Lockhart*, 963 F.2d 376 [Table], 1992 WL 119810 (8th Cir. June 4, 1992) ("Holbird alleged that the disparate treatment of male and female prisoner plasma donors violated her right to equal protection. The magistrate judge found that some differences existed in the treatment of male and female inmate donors, but concluded that the differences did not amount to constitutional violations. Upon careful review of the record, we conclude that these findings, which the district court adopted, were not clearly erroneous.") (footnote omitted). Therefore, no federal claim has been presented.



*Recommendation*

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case *without prejudice* and without service of process.

Plaintiff's attention is directed to the important Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 26, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).